UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA FINLEY, ex rel. A.G. a minor, | ) ) ) |
| Plaintiff, | ) No. 15 C 6818 ) |
| v. | ) Magistrate Judge M. David Weisman ) |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Patricia Finley brings this action on behalf of A.G., a minor, pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration Commissioner's decision denying A.G.'s application for benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

## Background

Plaintiff, on behalf of A.G., applied for supplemental security income on March 22, 2012, alleging a disability onset date of March 22, 2011. (R. 133.) The application was initially denied on July 16, 2012, and again after reconsideration on November 9, 2012. (R. 83-84.) Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"), which was held on December 10, 2013. (*See* R. 47-82.)

---

[1]On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited May 31, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

On January 29, 2014, the ALJ denied the application. (R. 21-42.) The ALJ used the three-part, sequential test for determining whether a child is disabled, considering: (1) whether A.G. had performed any substantial gainful activity during the period for which she claims disability; (2) whether she has a severe impairment or combination of impairments; and (3) whether her impairment meets, medically equals or functionally equals a listed impairment. (R. 22); *see* 20 C.F.R. § 416.924(b)-(d). In determining whether an impairment functionally equals a listing, the ALJ must consider the child's functioning in six domains: (1) "[a]cquiring and using information"; (2) "[a]ttending and completing tasks"; (3) "[i]nteracting and relating with others"; (4) "[m]oving about and manipulating objects"; (5) "[c]aring for [her]self"; and (6) "[h]ealth and physical well-being." 20 C.F.R. § 416.926a(g)-(l). An impairment or combination of impairments functionally equals a listing if the child has "marked" limitations in two of the domains or an "extreme" limitation in one of the domains. 20 C.F.R. § 416.926a(d). A "'marked' limitation is one that is "'more than moderate' but 'less than extreme.'" 20 C.F.R. § 416.926a(e)(2)(i). A child has a "marked" limitation when her "impairment(s) interferes seriously with [her] ability to independently initiate, sustain, or complete activities." *Id.* An "extreme" limitation is the "rating . . . give[n] to the worst limitations," though it does not "necessarily [require] . . . a total lack or loss of ability to function." 20 C.F.R. § 416.926a(e)(3)(i).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the date of her application. (R. 24.) At step two, the ALJ found that plaintiff has the severe impairments of "learning disability, major depressive disorder, attention deficit hyperactivity disorder, and intermittent explosive disorder." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets, medically

equals, or functionally equals the severity of a listed impairment, and thus is not disabled. (R. 25-26, 41.)

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Plaintiff argues that the Appeals Council erred in failing to remand the case to the ALJ after plaintiff submitted new, material evidence – medical records from A.G.'s psychiatrist, Dr. Pedemonte, dated July 30, 2013 and April 21, 2014. *See* 20 C.F.R. 404.970(b) ("If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."). As the Seventh Circuit has explained, however, the Court's ability to review the Appeals Council's decision "depends on the grounds on which the Council declined to grant plenary review." *Stepp v. Colvin*, 795 F.3d 711, 722 (7th Cir. 2015). If the Council determined that the evidence plaintiff submitted was not "new and material" within the meaning of regulation, the Court has

"jurisdiction to review that conclusion for legal error." *Id.* If the Appeals Council found that the evidence was new and material but denied review of the ALJ's decision because the supplemented record did not show that the ALJ's decision was contrary to the weight of the evidence, "the Council's decision not to engage in plenary review is discretionary and unreviewable." *Id.* (quotation omitted).

> In relevant part, the Appeals Council's decision states:
>
> > In looking at your case, we considered the reasons you disagree with the decision and the additional evidence [from Dr. Pedemonte].
> >
> > We considered whether the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record.
> >
> > We found that this information does not provide a basis for changing the [ALJ's] decision.

(R. 2.) Defendant contends this language shows that the Appeals Council deemed the supplemental evidence new and material but not a basis for changing the ALJ's decision, *i.e.*, that the Council's decision is unreviewable. The Seventh Circuit, however, rejected this argument in *Stepp*:

> [T]he Commissioner makes much of the fact that Stepp's denial notice states that the Council "considered whether the [ALJ's] action, findings, or conclusion is contrary to the weight of evidence of record." The Commissioner insists that this language . . . makes clear that the Appeals Council found Stepp's newly submitted evidence to be qualifying and proceeded to evaluate whether it was sufficient to require de novo review of the ALJ's unfavorable decision. We disagree. To us, this boilerplate language is little more informative than the similarly standardized language employed by the Council in *Farrell* [*v. Astrue*, 692 F.3d 767 (7th Cir. 2012)], which explained that the "information [submitted to the Appeals Council] d[id] not provide a basis for changing the [ALJ]'s decision." In *Farrell*, we rejected the contention that this language was sufficiently specific to confirm that the Council had accepted and reviewed the newly submitted evidence, and we likewise reject the Commissioner's argument here.

4

795 F.3d at 724-25 (7th Cir. 2015) (alterations in original).  In keeping with *Stepp*, the Court concludes that the Appeals Council's decision does not establish that the Council substantively considered the additional evidence and determined that it did not warrant reversal of the ALJ's decision, *i.e.*, that the decision is unreviewable.  Thus, the Court assumes that the Appeals Council found that the additional evidence was not new and material.  This Court is thus tasked with determining whether that finding is erroneous.

Evidence is "new," within the meaning of the regulations, if it was "not in existence or available to the claimant at the time of the administrative proceeding" and "material" "if it creates a reasonable probability that the Commissioner would have reached a different conclusion had the evidence been considered." *Id.* at 725 (quotations omitted).  Moreover, "if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision."  20 C.F.R. § 416.1470(b).

Dr. Pedemonte's July 2013 record, which existed at the time of the administrative hearing, is not new.  And, even if it were, it is not material because it does not contain information that is different from the other 2013 records of Dr. Pedemonte that the ALJ had when he ruled.  (*Compare* R. 489-503, *with* R. 335-60, 449-63.)  Further, the Appeals Council had no basis for considering Dr. Pedemonte's April 2014 record because it was generated three months after the ALJ issued his decision and does not purport to document A.G.'s condition in the pre-decision period.   Therefore, the Appeals Council's refusal to consider the supplemental evidence plaintiff submitted was not erroneous.

Alternatively, plaintiff argues that the ALJ violated his duty to fully develop the record by failing to obtain the additional records from Dr. Pedemonte and an expert's opinion of A.G.'s

5

condition in light of her 2013 medical records. *See Thompson v. Sullivan*, 933 F.2d 581, 585 (7th Cir. 1991) ("[W]here the disability benefits claimant is unassisted by counsel, the ALJ has a duty scrupulously and conscientiously to probe into, inquire of, and explore for all the relevant facts.") (alterations, quotation, and citations omitted); (R. at 132 (plaintiff's waiver of representation).) As discussed above, however, the additional records from Dr. Pedemonte were immaterial, thus the ALJ's failure to obtain them was harmless. So was the ALJ's failure to secure a second expert opinion. A.G.'s 2013 records came from an expert, Dr. Pedemonte, and it was the ALJ's job to evaluate them along with the rest of the medical evidence. *See* 20 C.F.R. § 416.920b(b). The ALJ was only required to seek another opinion if he could not, based on the evidence before him, determine whether A.G. was disabled. *See* 20 C.F.R. § 416.920b(c). Because that was not the case here, the ALJ's failure to secure another agency opinion was not error.

Finally, plaintiff further argues that the ALJ's determination that A.G. is only markedly limited in one domain, the acquisition and use of information, is not supported by substantial evidence. Specifically, plaintiff says the record shows that A.G. is also markedly limited in the domain of attending and completing tasks. In this domain, the ALJ considers "how well [the child is] able to focus and maintain . . . attention, and how well [she] begin[s], carr[ies] through, and finish[es] [her] activities, including the pace at which [she] perform[s] activities and the ease with which [she] change[s] them." 20 C.F.R. § 416.926a(h). With respect to this domain, the ALJ said:

> Although the claimant did not complete her homework or chores most of the time, the claimant's mother reported that she was able to keep busy on her own. The Teacher Questionnaires indicated that the claimant has some limitations in this domain. For example, she sometimes needed to be redirected. However, the teachers did not indicate that the claimant ever had a very serious problem in this domain. The claimant's 2012 IEPs [individual education

6

programs] indicated that she transitioned well from class to class. Although the claimant inconsistently completed homework and classwork, her attendance was good. The claimant could recall three digits forward and four in reverse.

The claimant's most recent IEP shows that she was able to transport herself via public transportation with no assistance. Although the claimant wrote illegibly at times, she worked well independently and worked very hard to complete her assignments. She had difficulty keeping up with the pace of her peers, which supports the less than marked limitation. The school staff wrote that the claimant needed reminding to stay on task because she liked to chat with her neighbors. The school staff further wrote that the claimant would be a great candidate for student council because she would "help those in need." The reports from the school and the Teacher Questionnaires support a less than marked finding in this domain. . . .

(R. 35-36) (citations omitted).

In reaching this conclusion, however, the ALJ failed to address contrary evidence in the record, including the bulk of the December 11, 2013 teacher questionnaire completed by A.G.'s special education teacher, Linda Ward. Ward gave A.G. a rating of 4 (on a scale where 1 means "no problem," 2 means "a slight problem," 3 means "an obvious problem," 4 means "a serious problem," and 5 means "a very serious problem") in seven of the thirteen activities in the domain of attending and completing tasks, including: carrying out multi-step instructions, waiting to take turns, changing activities without being disruptive, completing assignments and doing so without careless mistakes, working without distracting herself or others, and working at a reasonable pace. (*See* R. 196.) Further, Ward gave A.G. a rating of 3, meaning she had an "obvious problem," in the domain activities of paying attention, focusing, refocusing when necessary, and organizing school materials, and remarked that A.G. "needs to be redirected several times during each class." (*Id.*) The ALJ also did not discuss notations in A.G.'s December 11, 2013 IEP that A.G. "continues to write illegibl[y]," "receives low scores because of her lack of caring," and "continues to have difficulties working independently." (R. 466, 476.) While an ALJ is not required to "mention every piece of . . . evidence in [his] opinion . . . ,

[]he cannot ignore a line of evidence contrary to [his] conclusion." *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). Because that is what the ALJ appears to have done, the case must be remanded.[2]

**Conclusion**

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [16], denies the Commissioner's motion for summary judgment [23], reverses the Commissioner's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**   **ENTERED:   May 31, 2017**

_____

**M. David Weisman**
**United States Magistrate Judge**

---

[2]Plaintiff also argues that the ALJ improperly concluded that A.G. was not markedly limited in the domains of interacting and relating to others and caring for herself. The Court does not address these arguments because the flawed finding on the domain of attending and completing tasks by itself warrants a remand.